# UNITED STATES DISTRICT COURT
# IN AND FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DES MOINES QUICK CASH, INC. and DES STAFFING SERVICES, INC., | CIVIL NO. 4:09-CV-00426-RP-TJS |
| Plaintiffs, | |
| vs. | **REPORT AND RECOMMENDATION** |
| RANDY STRINGER and VICKY STRINGER, | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned magistrate judge makes this Report and Recommendation to Chief United States District Judge Robert W. Pratt:

A Motion to Complete Settlement with Expedited Relief Requested has been filed by Defendant Vicky Stringer on August 4, 2011 (Clerk's No. 77). This motion follows the discharge from bankruptcy of Defendant Randy Stringer in the United States Bankruptcy Court for the Southern District of Iowa, pursuant to 11 U.S.C. § 727 by United States Bankruptcy Judge Anita L. Shodeen on June 28, 2011.

This United States magistrate judge participated in, and conducted a settlement conference among the parties to this case on February 7, 2011. As a result of that settlement conference, the parties agreed on a disposition of the case, and filed a settlement agreement under seal (Clerk's No. 67), on April 1, 2011. That settlement agreement remains under seal.

Because of the filing of bankruptcy by Randy Stringer pursuant to Chapter 7, United States Bankruptcy Code on March 17, 2011, the execution of the terms of the settlement agreement were necessarily stayed.

In light of the discharge from bankruptcy of Defendant Randy Stringer, this magstrate judge recommends that the terms of the settlement agreement as they pertain to Defendant Vicky Stringer be ordered by this Court to be executed, and that Vicky Stringer be permitted to receive any and all benefits, funds and other relief necessary to fully satisfy the terms of the settlement agreement as it relates to her.

To the extent necessary, it is also recommended that the Court order the Clerk of this Court to provide to Defendant Vicky Stringer any and all sums of money in accordance with the settlement agreement, and which money is currently held by the Clerk of the Court.

The parties have to and including August 22, 2011, to file written objections to this Report and Recommendation, pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990); Wade for Robinson v. Callahan, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). Such extensions will be freely granted. Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. See, Fed. R. Civ. P. 72; Thompson, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. Thomas v. Arn, 474 U.S. 140, 155 (1985); Griffini v. Mitchell, 31 F.3d 690, 692 (8th Cir. 1994); Halpin v. Shalala, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); Thompson, 897 F.2d at 357.

Respectfully submitted,

Date: August 11, 2011

THOMAS J. SHIELDS
CHIEF U.S. MAGISTRATE JUDGE